IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TOMMIE L. CARTER,

                Plaintiff,

        v.

PATRICK C. HOOPER and BRENT H. EXNER,

                Defendants.

OPINION and ORDER

16-cv-54-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TOMMIE L. CARTER,

                Plaintiff,

        v.

ANTONIO CUMMINGS, ROBERT PICKLE,
JAY VANLANEN and AMY GANDY,

                Defendants.

OPINION and ORDER

16-cv-55-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Tommie Carter is a prisoner in the custody of the Wisconsin Department of Corrections.  In these two civil cases, he is proceeding on the following claims: (1) defendants Patrick Hooper and Brent Exner used excessive force against him on February 28, 2013, while removing plaintiff's restraints, in violation of the Eighth Amendment (case no. 16-cv-54-bbc); (2)  defendants Antonio Cummings and Robert Pickle were aware of a substantial risk that plaintiff would seriously harm himself on October 17,

1

2013, but they consciously failed to take reasonable measures to prevent the harm, in violation of the Eighth Amendment (case no. 16-cv-55-bbc); and (3) defendant Jay Vanlanen refused to take pictures of plaintiff's injuries on October 17, 2013, in violation of plaintiff's right to have access to the courts (case no. 16-cv-55-bbc).

For the last few months, plaintiff has continued the trend from his previous cases in this court of filing a series of motions in which he alleges various of acts of misconduct by prison officials, some related to his lawsuits and some not.  In addition, plaintiff has filed a motion for default judgment (case no. 16-cv-54-bbc), a motion for assistance in recruiting counsel (both cases), a motion to take the depositions of defendants (case no. 16-cv-54-bbc) and a motion for a competency determination(case no. 16-cv-55-bbc).  For the reasons discussed below, I am denying all of plaintiff's motions in full.


OPINION

A.   Motion for Assistance in Recruiting Counsel (both cases)

Before a district court can consider a request for counsel, it must first find that the plaintiff has made reasonable efforts to find a lawyer on his own and was unsuccessful or was prevented from making such efforts. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). To prove that he has made reasonable efforts to find a lawyer, plaintiff must give the court letters from at least three lawyers who denied plaintiff's request for representation. Alternatively, if the lawyers plaintiff writes do not respond after 30 days, plaintiff may explain the efforts he took to obtain a lawyer in a declaration sworn under penalty of

perjury.  Plaintiff should include the date he sent the letters. In addition, plaintiff should send a copy of the letter that he sent the lawyers.

Plaintiff has not shown that he has made reasonable efforts to obtain a lawyer on his own.  Although plaintiff says that he has asked more than 40 lawyers to represent him, he provides no evidence to support that allegation.

Even if plaintiff had shown that he had made reasonable efforts to find his own lawyer, I would deny plaintiff's motion. Court assistance in recruiting counsel is appropriate only when the plaintiff demonstrates that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). The question is not simply whether a lawyer might do a better job.

As I have told plaintiff several times before, he has shown that he is more than capable of acting as his own advocate.  After having filed several cases in this court, he is now a seasoned litigator who is familiar with both the law and court procedure.  Further, neither of these cases is particularly complex.  Plaintiff has not shown that he needs expert testimony or an understanding of complicated medical or scientific issues. The law is clearly established with respect to all of his claims.

The only specific reason that plaintiff gives for needing a lawyer in this case is that his frequent placement in observation status makes it difficult for him to obtain basic materials needed to file documents with the court or conduct discovery.  This statement is obviously false.  It is rare that more than a week or two passes in which plaintiff does not file

something with the court.  In fact, few litigants (pro se or otherwise) file as many motions as plaintiff.  Of the 71 docket entries in case no. 16-cv-55-bbc, nearly all of them are the result of a motion plaintiff filed.  There is simply no plausible basis for plaintiff to allege that he is unduly restricted in his ability to communicate with the court or in obtaining writing materials.

B. <u>April 27, 2016 Motion for Default Judgment (Case no. 16-cv-55-bbc)</u>

Plaintiff seeks a default judgment on the ground that defendants failed to file a timely answer.  However, defendants filed their answer on April 18, 2016, which was within the 40-day deadline set in the screening order and established under the court's Memorandum of Understanding with the Wisconsin Department of Justice.  (A copy of the memorandum is attached.)   Accordingly, I am denying plaintiff's motion for a default judgment.

C. <u>April 4, 2016 Motion for Protective Order (Both Cases)</u>

Plaintiff asks for an order directing prison officials to preserve records showing that defendants may have been disciplined for the conduct that prompted these lawsuits.  In response, defendants say that no such records exists and that they are aware of their duty to preserve evidence related to this case.  Accordingly, I am denying this motion as unnecessary.

D. <u>April 18, 2016 Motion for Sanctions</u>

Plaintiff says that staff at the Racine Correctional Institution were refusing to allow

him to review his medical records.  However, plaintiff is no longer housed at the Racine prison and he identifies no prejudice that he suffered as a result of staff's alleged actions.  In particular, plaintiff does not identify any reason related to these cases that he needed to review his medical records at that time. Accordingly, I am denying this motion as moot.


E. May 11, 2016 Motion to Allow Plaintiff to Review Grievances (Case no. 16-cv-54-bbc)

Plaintiff says that prison officials have refused to provide free copies of the grievances that he submitted from February 27, 2013 to December 31, 2014.  He says this request is related to defendants' motion for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies.

Plaintiff filed more than 100 grievances during the cited period, so it would be no small task to comply with plaintiff's request.  Further, plaintiff identifies no reason why such a long span of time would be relevant to defendants' motion.  In any event, I am denying the motion as moot because defendants' motion for summary judgment in 16-cv-54 is fully briefed, yet plaintiff did not allege in his response that defendants failed to identify any relevant grievances that he filed.  Rather, plaintiff's position is that prison officials prevented him from filing a timely grievance.


F.  May 27, 2016 Motion for Preliminary Injunction (Case no. 16-cv-55-bbc)

Plaintiff seeks a preliminary injunction to stop prison officials from transferring him

to different prisons within the state.  However, neither of plaintiff's pending lawsuits in this court is related to his placement at a particular prison and he does not allege that any of the defendants is responsible for transfer decisions, so this issue is outside the scope of this lawsuit.  <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir.1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); <u>Neuroscience, Inc. v. Forrest</u>, No. 12-cv-813-bbc, 2013 WL 6331348, at *1 (W.D. Wis. Dec. 5, 2013) (denying motion for preliminary injunction because it raised issues outside scope of complaint); <u>Dudgeon v. Fiorello</u>, 06–C–563–C, 2007 WL 5517460 (W.D. Wis. Jan. 31, 2007) (same); <u>Williams v. Nelson</u>, 04–C–774–C, 2005 WL 840358 (W.D. Wis. Apr. 1, 2005) (same).  If plaintiff believes that a particular transfer violates his constitutional rights, he will have to file a separate lawsuit against those individuals he believes are responsible.

G.  <u>June 6, 2016 Motion for Investigation and Sanctions (Case no. 16-cv-55-bbc)</u>

Plaintiff alleges that prison staff are refusing his request for a legal loan and are refusing to return unspecified documents to him.  In response, defendants say that the motion is moot because plaintiff's request for a legal loan has been approved and his documents have been returned.  In reply, plaintiff does not identify any particular documents that he is missing, but he says that he has not received documentation showing that his legal loan was approved.  Because plaintiff has continued to file numerous documents with the court since June 6 and plaintiff has not complained about this issue

since then, it is reasonable to infer that the matter is resolved.  Accordingly, I am denying this motion as moot.

### H.  June 15, 2016 Motion for Sanctions (Both Cases)

Plaintiff alleges that prison staff have placed him in a cell with wildly fluctuating temperatures and without a mirror, window or clock.  Again, this motion raises issues that are outside the scope of these cases and is about officials who are not party to this case.  If plaintiff believes that his cell conditions are unconstitutional, he will have to file a separate lawsuit.

### I.  June 20, 2016 Motion for Preliminary Injunction (Case no. 16-cv-55-bbc)

Plaintiff seeks a preliminary injunction on his claim that defendants Antonio Cummings and Robert Pickle failed to stop plaintiff from harming himself on October 17, 2013.  However, I did not allow plaintiff to proceed on a claim that Cummings and Pickle are disregarding current risks to plaintiff's health or safety.  In fact, plaintiff does not allege that he remains under the care of either defendant or that either defendant has the authority to change anything about his current conditions of confinement.  Thus, this is another issue outside the scope of the case.  If plaintiff believes that particular prison officials are subjecting him to a substantial risk of serious harm now, he will have to file a separate lawsuit against those individuals.

7

J. June 22, 2016 Motion to Take Depositions (Case no. 16-cv-55-bbc)

Plaintiff wants to depose defendants by written questions under Fed. R. Civ. P. 31. However, as defendants point out in their response, plaintiff has not identified an officer who will administer, prepare and certify the deposition, as required by Fed. R. Civ. P. 31(a)(3) and (b). Werner v. Hamblin, No. 12-C-0096, 2013 WL 788076, at *1 (E.D. Wis. Mar. 1, 2013) (Rule 31 requires party to "[a]rrang[e] for a deposition officer (usually a stenographer or court reporter) to meet with defendants"). In his reply brief, plaintiff says that he is designating defendants as the officers, but that is not how Rule 31 works. The "officer" identified in Rule 31 is not a reference to a correctional officer. Rather, an officer is a third party who is authorized to administer an oath. Fed. R. Civ. P. 28. Even if I assume that any of the defendants is so authorized or that it would be appropriate to allow a party to serve as the officer, plaintiff cannot force another party to do this. It is up to him to find an authorized person.

In any event, plaintiff has not explained why he needs to take depositions. Plaintiff may obtain the information he seeks by serving interrogatories, requests for admission or requests for production of documents, without the need for oversight by an officer of the court. Fed. R. Civ. P. 33, 34 and 36. Patten v. Schmidt, No. 07-C-0026, 2007 WL 3026622, at *6 (E.D. Wis. Oct. 16, 2007) (denying motion under Rule 31 because "the plaintiff has not explained why depositions upon oral examination are preferable to the other methods of discovery available to him, such as interrogatories, requests for admissions and requests for production of documents"); Whaley v. Erickson, No. 05-C-898, 2006 WL

8

3692633, at *3 (E.D. Wis. Dec. 11, 2006) (denying motion under Rule 31 because "there is no indication that the plaintiff cannot obtain the information he seeks through the use of interrogatories under Fed. R. Civ. P. 33").

### K. June 27, 2016 Motion for Protective Order (Both Cases)

Plaintiff alleges that prison staff ""shuffl[ed] legal documents" related to these cases during a cell search.  He asks for a "protective order and investigation."  I am denying this motion because plaintiff does not identify any document that was confiscated or destroyed, so I cannot conclude that the searches affected his right to litigate these cases.

### L. June 22, 2016 Motion for Competency Determination (Case No. 16-cv-55-bbc)

Plaintiff requests a "competency determination" under Fed. R. Civ. P. 35.  However, plaintiff seems to be trying to use Rule 35 to receive outside treatment because he believes the mental health treatment he is receiving from the Department of Corrections is inadequate.  Dkt. #48 ("[W]e are requesting that Carter be evaluated by an outside doctor.").  The purpose of Rule 35 is to allow a party to make his own arrangements to obtain a medical examination if a party's medical status "is in controversy."  Fed. R. Civ. P. 35(a)(1).  The rule does not create any substantive rights.  Accordingly, I am denying this motion.

### M. June 22, 2016 Motion for Sanctions and Sabotage (Case No. 16-cv-55-bbc), June 29,

2016 Motion for Sanctions (Case No. 16-cv-55-bbc) and July 1, 2016 Motion for

Sanctions (Case No. 16-cv-55-bbc)

In each of these motions, plaintiff accuses various prison staff of serious misconduct, such as provoking him to harm himself, failing to prevent recent acts of self harm and failing to force him to eat and drink when he refuses to do so.  Although the allegations are disturbing, they are outside the scope of this lawsuit, like so many of the other motions plaintiff has filed.  Again, plaintiff does not allege that defendants are involved in any of this conduct.  I repeat that if plaintiff believes that particular prison staff members are violating his rights now, he must raise those issues in a separate lawsuit.  He cannot insert new, unrelated issues into whatever lawsuits happen to be pending.


ORDER

IT IS ORDERED that the following motions filed by plaintiff Tommie Carter are DENIED: motion for protective order (dkt. #15 in case no. 16-cv-54-bbc; dkt. #15 in case no. 16-cv-55-bbc); motion for sanctions (dkt. #19 in case no. 16-cv-54-bbc; dkt. #21 in case no. 16-cv-55-bbc); motion for default judgment (dkt. #22 in case no. 16-cv-55-bbc); motion for assistance in recruiting counsel (dkt. #30 in case no. 16-cv-54-bbc; dkt. #29 in case no. 16-cv-bbc-55); motion to allow plaintiff to review offender complaints (dkt. #31 in case no. 16-cv-54-bbc); motion for preliminary injunction (dkt.#38 in case no. 16-cv-54-bbc; dkt. #34 in case no. 16-cv-55-bbc); motion for sanctions (dkt. #36 in case no. 16-cv-55-bbc); motion for sanctions (dkt. #41 in case no. 16-cv-54-bbc; dkt. #40 in case no. 16-cv-55-bbc);

motion for preliminary injunction (dkt. #44 in case no. 16-cv-55-bbc); motion to take depositions (dkt. #46 in case no. 16-cv-55-bbc); motion for protective order (dkt. #47 in case no. 16-cv-54-bbc; dkt. #47 in case no. 16-cv-55-bbc); motion for competency determination (dkt. #48 in case no. 16-cv-55-bbc); motion for sanctions (dkt. #49 in case no. 16-cv-55-bbc); motion for sanctions (dkt. #53 in case no. 16-cv-55-bbc); motion for sanctions (dkt. #56 in case no. 16-cv-55-bbc).

Entered this 16th day of August, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

11