IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TOMMIE L. CARTER,

                                        OPINION and ORDER

                Plaintiff,

                                           16-cv-55-bbc

     v.

ANTONIO CUMMINGS, ROBERT PICKLE
and JAY VANLANEN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner Tommie Carter is proceeding on the following claims: (1) defendants Antonio Cummings and Robert Pickle were aware of a substantial risk that plaintiff would seriously harm himself on October 17, 2013, but they consciously failed to take reasonable measures to prevent the harm, in violation of the Eighth Amendment; and (2) defendant Jay Vanlanen refused to take pictures of plaintiff's injuries on October 17, 2013, in order to prevent plaintiff from proving his injuries, in violation of plaintiff's right to have access to the courts. Two motions are before the court, both filed by plaintiff: (1) a motion to compel discovery, dkt. #77; and (2) a motion to extend the summary judgment deadline from December 2, 2016, to May 12, 2017, dkt. #80. For the reasons explained below, I am denying the request for an extension of time and denying the motion to compel, with one narrow exception.

1

OPINION

A. <u>Motion to Compel</u>

Before discussing plaintiff's individual discovery requests, I note a problem with his motion, which is that it includes no arguments regarding why he disagrees with defendants' objections to his requests. Instead, he simply summarizes each request and objection. It is not until his reply brief that he explains why he believes he is entitled to the requested information.

Plaintiff has litigated enough cases in this court to know that he must support every motion he files with a developed argument showing why he is entitled to relief. Defendants should not have to guess. Including an argument in a reply brief is not sufficient because defendants do not have an opportunity to respond to a reply brief. In this case, the arguments in plaintiff's reply brief did not make any difference to the outcome of the motion, so defendants are not unfairly prejudiced. However, in the future, if plaintiff fails to support a motion to compel or any other motion with a developed argument, I will deny the motion without requiring any response from the defendants. In addition, if plaintiff files another motion to compel in this case or any other, he should attach copies of both his discovery requests and defendants' responses to them. This will allow the court to more easily understand plaintiff's motion and increase his chances of getting relief.

1. <u>Grievances</u>

> <u>Request for production:</u> Any and all grievances, complaints, or other documents received by prison officials at GBCI including the Warden, Deputy Warden, Security Director, Psychological service or his agents concerning the mistreatment of inmates by the Defendants and any memoranda, investigative files or other documents created in response to such complaints since October 17, 2013.

> Request for production: Any logs, lists or other documents reflecting grievances filed GBCI inmates from October 17, 2013 to the date of your response.

Defendants object to these requests on the ground that they are overbroad and I agree. I see no connection between plaintiff's claims and a request for all grievances filed after October 17, 2013 or the logs recording those grievances. In his reply brief, plaintiff limits his request to grievances filed between October 17, 2013, and November 18, 2014, but he still does not explain how grievances unrelated to the issues in this case could help him prove his claims.

2. Policies related to prisoner self harm

> Request for production: Any and all policies, directives, or instructions to staff concerning the way to handle inmates who cut themselves.

Defendants provided seemingly contradictory responses to this request. First, they said that they had no responsive documents. Second, they said that they had written training materials, but they objected to producing them because the materials could "provide the inmate with the criteria that could allow for manipulating potential incidents, or thwarting staff response. Inmates could use the details in these materials to circumvent security practices or staff actions creating a dangerous situation for the inmate, staff, and the institution." I understand defendants to be arguing that the training materials do not qualify as "policies, directives or instructions," but even if they do, defendants should not be required to produce them for security reasons.

In his reply brief, plaintiff says that he "is not asking for training materials," dkt. #83 at 2, so I need not decide whether defendants need to produce those. Instead, plaintiff says that he wants the "materials that show[] the responsibility of the officers when an inmate inform[s]

3

them that he was going to harm himself and actually does harm himself." Id. Thus, it seems that plaintiff wants to be able to show that defendants violated prison policy in this case.

Of course, defendants cannot produce what does not exist, so if they do not have policies related to prisoner self harm, I cannot force them to produce those policies. It is somewhat surprising that defendants have no policies related to that issue, but even if I assume that such policies exist, it is not clear how they would help plaintiff prove his claims. Plaintiff must prove that defendants were aware of a substantial risk that he would seriously harm himself, but consciously failed to take reasonable steps to prevent the harm. March 9, 2016 Screening Order, dkt. #10, at 2. If there were a question regarding the reasonableness of defendants' conduct, a prison policy might shed some light on that question. However, in this case, plaintiff is alleging that defendants Cummings and Pickle stated, "[w]e do not give a fuck if you kill yourself" and refused to do anything when plaintiff told them that he was feeling suicidal. If plaintiff can prove this allegation, the existence of a prison policy prohibiting or allowing that conduct would make no difference to his claim because there is no question that the alleged conduct is unreasonable. That being said, because defendants are denying the existence of any policies related to self-harm, they will be estopped from relying on any such policies at trial.

3. Free copies of plaintiff's medical records

> The complete medical records from October 17, 2013 to November 30, 2013 regarding this incident. The plaintiff is indigent and legal loans does not allow inmates to make copies of medical documents per business office and these documents are needed to support his claims.

In response to this request, defendants cite DAI Policy 309.51.01, which they say allows a prisoner to use his legal loan to make copies of medical documents if the prisoner

4

"demonstrate[s] a clear need for the records for litigation." Dkt. #78 at 4. In his reply brief, plaintiff repeats his allegation from his discovery request that he cannot use his legal loan to obtain copies of medical records, but he cites no evidence to support that allegation.

Plaintiff should follow the procedure in DAI Policy 309.51.01 for obtaining copies of his medical records. If his request is denied, he should provide copies of the request and denial to defendants' counsel so that they can determine whether plaintiff requires additional assistance. If defendants refuse to provide that assistance, plaintiff can file a renewed motion to compel if he is prepared to explain why he needs the particular documents that he is requesting. Plaintiff should provide to the court copies of the request to defendants' counsel and any denials that he received.

4. <u>Defendants' duties</u>

> <u>Request for production:</u>   The duties of the Defendants. If those duties are set forth in any job description or other documents produce the documents.

In response to this request, defendants provided their job descriptions. Plaintiff says that he is not satisfied with those descriptions, but he does not identify any particular documents that he wants instead. He seems to be looking for documents showing that defendants have a duty to help prisoners who may harm themselves, but the only duty that matters in this case is the one imposed by the Eighth Amendment. Plaintiff does not need a prison document that restates that duty.

5. <u>Emails</u>

> <u>Request for production:</u> Any and all emails about the October 17, 2013 incidents

5

of self-harm.

<u>Request for production:</u>  Any and all emails unrelated to the October 17, 2013 incident of self harm.

With respect to the first request (emails related to the October 17, 2013 incident) defendants say that there are no documents responsive to the request. Again, defendants cannot be required to produce what does not exist. However, they can be required to identify the steps they took to determine whether there are any responsive documents. Their response says only "no emails found." Accordingly, I am directing defendants to supplement their response to explain what they did before determining that there are no emails responsive to plaintiff's request. After plaintiff receives defendants' supplement, he will have to file a renewed motion to compel if he believes the steps were inadequate. In addition, if he files a renewed motion to compel, he will have to identify the additional steps that he wants defendants to take to search for responsive emails.

The second request (emails *unrelated* to the October 17, 2013 incident) is obviously overbroad. Emails unrelated to the event at issue in this case are irrelevant to plaintiff's claims.

6. <u>Log</u>

<u>Request for production:</u>  Observation of Offender log.

Defendants object to this request on the ground that it is overbroad. In addition, defendants say that plaintiff can ask the Institution Psychological Services Unit if he wishes to view and copy his clinical records. In his reply brief, plaintiff narrows his requests to observation logs relevant to him between October 17, 2013 and November 30, 2013. Plaintiff says that he is unable to copy his clinical records, but, again, he cites no evidence for that allegation.

6

Before plaintiff is entitled to court assistance in obtaining his clinical records, he will have to show that he followed the procedure suggested by defendants, but staff refused his request. If his request is denied, he should provide copies of the request and denial to defendants' counsel so that they can determine whether plaintiff requires additional assistance. If defendants refuse to provide that assistance, plaintiff can file a renewed motion to compel if he is prepared to explain why he needs the particular documents that he is requesting. Again, plaintiff should provide to the court copies of the request to defendants' counsel and any denials that he received.

7. Statistics on suicides

>  Request for production: Materials dealing with statistical information regarding suicides and suicide attempts in the DOC prisons.

Defendants object on the grounds of overbreadth, vagueness and relevance. In his reply brief, plaintiff says that he is narrowing his request to statistics from October 1, 2013, to November 31, 2015. He says that the statistics are relevant to show that the "Wisconsin Department of Corrections has a history of failing to protect inmates who are at a substantial risk" of harming themselves. Dkt. #83 at 5.

The information plaintiff seeks is irrelevant because the Wisconsin Department of Corrections is not a defendant in this case. All that matters is what defendants Cummings and Pickles knew. Because statistics would not provide insight into defendants' knowledge, I see no relevance of that information to this case.

8. Mental health policies and procedures

>Request for production: Any and all documents on the mental health training, mental health screening, mental health treatment and mechanical restraints.

Defendants object to this request on the ground that plaintiff was not more specific regarding the type of documents he is requesting, did not place any time limits on his request and did not explain why he needed all of these documents. In his reply brief, plaintiff says that he believes there is a policy that "prisoners with serious mental illnesses should not be assigned to" the Green Bay Correctional Institution, where the incident in this case occurred. However, even if that is true, plaintiff does not explain how that fact would be relevant to his claims. Plaintiff does not allege that any of the defendants have any control over where he is incarcerated. Thus, even if plaintiff should not have been housed at the Green Bay prison, he could not rely on the fact to show that defendants violated his Constitutional rights.

9. The "problem" of prisoner self harm

>Request to admit: Self-harm/suicidal behavior is still a problem among prisoners in GBCI RSU.

I agree with defendants that this discovery request is vague because plaintiff does not explain what he means by "problem" and irrelevant because evidence that self harming behavior is a "problem" at the prison will not help plaintiff prove his claims. Like several of plaintiff's other discovery requests, this request has a premise that plaintiff is bringing a claim against high ranking officials who failed to enact appropriate policies and procedures for preventing prisoners from harming themselves. However, plaintiff's claim is that defendants had notice from plaintiff himself that he was feeling suicidal, but they refused to help him. Plaintiff does not need to prove that suicide was a problem to prevail on that claim. All that matters is whether *defendants*

in particular were aware at the time that plaintiff asked for help that *plaintiff* was at risk of harming himself.

### B. Motion for Extension of Time

Plaintiff asks to extend the deadline for filing dispositive motions from December 2, 2016 to May 12, 2017, the last day of discovery. I am denying this motion for three reasons. First, plaintiff does not identify any reason for the extension of time. Generally, a party who wishes to change the schedule must have good cause to do so. Second, trial in this case is scheduled for June 12, 2017. Obviously, if the dispositive motion deadline were moved to May 2017, there would be no way to resolve dispositive motions before trial, which would defeat the purpose of filing a dispositive motion. Finally, it is no accident that the dispositive motions deadline and the discovery deadline are several months apart. The dispositive motions deadline is chosen to allow the parties and the court to resolve any dispostive motions well before trial. The discovery deadline is later so that the parties can continue gathering evidence for trial even while the court is considering any dispositive motions. Thus, these two deadlines should not be the same.

### ORDER

IT IS ORDERED that

1. Plaintiff Tommie Carter's motion to compel is GRANTED IN PART. Defendants Antonio Cummings and Robert Pickle may have until October 18, 2016, to file and serve a supplemental discovery response in which they explain the steps they took to determine whether there are any documents responsive to plaintiff's request for emails related to the October 17,

2013 incident. Plaintiff's motion to compel is DENIED in all other respects.

    2.  Plaintiff's motion for an extension of time, dkt. #80, is DENIED.

Entered this 3d day of October, 2016.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge