IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TOMMIE L. CARTER,

                                                                                   OPINION and ORDER

                Plaintiff,

                                                                                      16-cv-55-bbc

     v.

ANTONIO CUMMINGS and ROBERT PICKLE,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Pro se prisoner and plaintiff Tommie Carter is proceeding on a claim that defendants Antonio Cummings and Robert Pickle (both correctional officers) were aware of a substantial risk that plaintiff would seriously harm himself on October 17, 2013, but consciously failed to take reasonable measures to prevent the harm, in violation of the Eighth Amendment. Trial is scheduled for June 12, 2017. Two matters are now before the court. First, as requested by the court, defendants have submitted their itemized expenses incurred in responding to plaintiff's motion for sanctions. Dkt. #119. Second, plaintiff has submitted a request for assistance in recruiting counsel. Dkt. #121. For the reasons explained below, I am awarding defendants $468 in reasonable expenses and denying plaintiff's request for assistance in recruiting counsel.

OPINION

A. Expenses Related to Motion for Sanctions

On October 17, 2016, plaintiff asked for "sanctions" and an "investigation" regarding an alleged failure of prison staff members to prevent plaintiff from harming himself in September 2016. Dkt. #87. This alleged incident had nothing to do with this case because it occurred three years after the events that gave rise to plaintiff's claims and none of the staff members discussed in the motion are defendants. In response to plaintiff's motion, defendants filed their own motion for sanctions on the grounds that plaintiff's allegations were false and that plaintiff should have known that he could not seek sanctions against officers who are not part of the lawsuit. Dkt. #92. Plaintiff then withdrew his own motion for sanctions. Dkt. #95.

In an order dated February 8, 2017, dkt. #117, I declined to make a credibility determination regarding the truth of the allegations in plaintiff's motions, but I concluded that a sanction was appropriate because plaintiff had been informed by the court multiple times that he may not raise issues that fall outside the scope of his claims and are raised against officials who are nonparties. Accordingly, I granted defendants' motion for sanctions and gave them an opportunity to submit an itemized list of expenses they incurred in responding to plaintiff's sanctions motion.

In response, defendants have submitted a declaration in which they aver that counsel spent 1.5 hours on the response at a rate of $144 an hour and that paralegal staff spent 3.5 hours on the response at a rate of $72 an hour, for a total of $468. Dkt. #120. These

expenses are reasonable on their face and plaintiff does not argue otherwise. Instead, plaintiff simply reargues the reasons why he believes he should not be sanctioned. Plaintiff had an opportunity to raise those objections in response to defendants' motion for sanctions and it is too late to do so now. In any event, plaintiff's response is devoted to arguing that the allegations in his motion for sanctions are true, but that does not address the reason I sanctioned him, which is that he refused to stop filing motions unrelated to his claims.

Accordingly, I conclude that defendants' requested expenses are reasonable and I will award $468.

### B. Motion for Assistance in Recruiting Counsel

This is plaintiff's second motion for assistance in recruiting counsel in this case. I denied his first motion, dkt. #72, both because he had failed to show that he had made reasonable efforts to find a lawyer on his own, Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992), and because he failed to show that the case was too difficult for him to litigate on his own, Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007).

With his new motion, plaintiff has submitted three rejection letters from law firms that have declined to represent him. Dkt. ##121-1, 121-2 and 121-3. However, two of the three law firms declined to represent plaintiff because they did not specialize in the subject area, so those letters have limited probative value in showing plaintiff's ability to obtain counsel on his own. (In a new submission, dkt. #130, plaintiff says that the University of Wisconsin Law School's Legal Assistance to Institutionalized Persons project has refused to

represent him as well, but that project is not permitted to represent prisoners in civil rights cases.)

Even if I assume that plaintiff has made reasonable efforts to find counsel, I adhere to the conclusion that plaintiff is capable of litigating this case without counsel. As I have told plaintiff before in both this case and other cases he has filed, he has shown that he is more than capable of acting as his own advocate. His numerous filings in several cases about his conditions of confinement show that he is intelligent, knowledgeable of the law and procedure and capable of conducting discovery and filing motions to seek court assistance. In fact, he defeated defendants' motion for summary judgment without assistance from counsel.

Plaintiff says that he cannot represent himself for various reasons, but none of them are persuasive. First, he says that he suffers from various mental and physical conditions, but he cites no evidence that any of the conditions he describes render him unable to represent himself at trial. Second, he says that he is "functionally illiterate," but that is obviously false. It is clear from plaintiff's numerous filings and from his ability to read documents at the hearing in Carter v. Waterman, No. 13-cv-742-bbc (W.D. Wis.), that plaintiff is able to read and write well. Third, he says that he has been receiving the assistance of another prisoner who is no longer in custody. Plaintiff does not explain how the other prisoner has helped him. In any event, any allegation that plaintiff needs the assistance of another prisoner is belied by plaintiff's significant history as a litigator in this court. In light of the frequency in which plaintiff is transferred to other prisons, it is clear

that plaintiff has not been receiving consistent help from the same person in all of his cases.

Although some cases under the Eighth Amendment may be complex, this is not one of them. Plaintiff's primary task at trial will be to convince the jury to accept his version of events on October 17, 2013. He does not need medical expertise or other specialized knowledge in order to prove his case.

The court has informed plaintiff of the elements of his claim and what he needs to prove. In a few weeks, plaintiff will receive a trial preparation order from the court that will explain the trial procedure in greater detail. In short, I see no reason why plaintiff cannot represent himself at trial.

ORDER

IT IS ORDERED that

1. Defendants Antonio Cummings and Robert Pickle are AWARDED $468 under the court's inherent authority as a sanction for plaintiff Tommie Carter's litigation misconduct. The clerk of court is directed to send a copy of this order to warden of the prison where plaintiff is incarcerated so that the amount can be deducted from plaintiff's account in accordance with prison rules.

2. Plaintiff's motion for assistance in recruiting counsel, dkt. #121, is DENIED.

Entered this 22d day of March, 2017.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge