IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TOMMIE L. CARTER,

                Plaintiff,

    v.

ANTONIO CUMMINGS and ROBERT PICKLE,

                Defendants.

ORDER

16-cv-55-wmc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff and prisoner Tommie Carter filed this lawsuit against defendants and correctional officers Antonio Cummings and Robert Pickle for allegedly failing to prevent plaintiff from harming himself. On May 8, 2017, the court received a stipulation of dismissal from the parties, dkt. #147, so the clerk of court closed the case. Now plaintiff has filed what he calls a "motion for clarification," in which he says that he has not yet received his settlement. Dkt. #149. Plaintiff does not request specific relief in his motion, but presumably he wants the court to help him enforce his settlement.

      Plaintiff does not provide a copy of the settlement agreement with his motion, so it is impossible to know whether defendants are violating its terms. In any event, I am denying plaintiff's motion because this court has no authority to provide plaintiff relief. The case is now closed and the court does not have jurisdiction to enforce the settlement agreement, which is a matter of contract under state law. *Bond v. Utreras*, 585 F.3d 1061, 1079 (7th Cir.

1

2009) ("[W]here the dismissal order neither incorporated the parties' settlement agreement nor expressly retained jurisdiction over it, the court lack[s] ancillary jurisdiction to enforce it and any action for breach of the agreement belong[s] in state court."). Thus, if plaintiff seeks to enforce the settlement agreement, he must do so in state court.

The court hastens to note that only a month has passed since the parties agreed to dismiss this case and plaintiff does not allege that defendants have missed any deadlines for implementing any settlement that the parties have, so it is not surprising that plaintiff is still waiting. If defendants miss a deadline or fail to implement the settlement agreement in a reasonable amount of time, plaintiff may ask counsel the reason for the delay and the proposed time line for implementing the agreement. Failing that, any remedy the plaintiff may have must be sought in state, not federal court.

ORDER

IT IS ORDERED that plaintiff Tommie Carter's "motion for clarification," dkt. #149, is DENIED.

Entered this 8th day of June, 2017.

BY THE COURT:

/s/
WILLIAM M. CONLEY
District Judge